UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA, for the use
and benefit of CIVIL CONSTRUCTION
TECHNOLOGIES, INC.,

    Plaintiff,

v.                                              Case No.  6:13-mc-42-Orl-18TBS

THE HANOVER INSURANCE COMPANY,

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Defendant The Hanover Insurance Company's Motion for Protective Order, Motion to Quash and Objection to Civil Construction Technologies, Inc.'s Subpoena to Produce Documents and Subpoena to Testify at Deposition of Non-Party. (Doc. 1).  Plaintiff United States of America for the use and benefit of Civil Construction Technologies, Inc. has filed a response in opposition to the motion (Doc. 5).   For the following reasons, Defendant's motion is due to be DENIED.

Defendant has also filed its Motion for Leave to File a Reply to Plaintiff's Response in Opposition to Defendant's Motion for Protective Order/Motion to Quash (Doc. 6) and Defendant's Amended Motion for Leave to File a Reply to Plaintiff's Response in Opposition to Defendant's Motion for Protective Order/Motion to Quash (Doc. 7).  Both motions are DENIED.

This dispute has its origin in a construction project in Palm Beach County, Florida. The United States Army Corp of Engineers ("Government") engaged Lodge Construction, Inc. ("Lodge") as the prime contractor for Phase 1 of the Site 1 Impoundment Project in Palm Beach County (the "Project"). (Doc. 4 at 2). On behalf of Lodge, Defendant issued Miller Act performance and payment bonds for the Project. (Id.) Lodge entered into two subcontracts with Plaintiff for site related work on the Project. (Id.; Doc. 1 at 3). In July 2012, the Government declared Lodge in default, terminated its services, and looked to Defendant's performance bond to complete Lodge's contractual scope of work. (Doc. 4 at 2; Doc. 1 at 3). In August 2012, the law firm representing Defendant hired non-party Lovett Silverman Construction Consultants ("Consultant"), as a non-testifying consulting expert. (Doc. 1 at 3). The engagement letter specifically contemplates Consultant's assistance in litigation. (Id.) Defendant utilized Consultant to prepare an Invitation to Bid for the completion of Lodge's scope of work. (Doc. 5 at 3). Bidders and potential bidders were instructed to address all technical questions related to the Invitation to Bid to Consultant and to send their bids to Consultant. (Doc. 5-1 at 8).

Consultant communicated with potential bidders, participated with them in site inspections, responded to their requests for information concerning the bid documents, issued addenda to the bid documents, and analyzed the bids. (Doc. 5 at 3). Consultant also participated in a site inspection with Plaintiff, communicated with Plaintiff concerning the bid documents, and discussed with Plaintiff, its applications for payment for work performed through the date Lodge was terminated. (Id. at 3-4).

-2-

Following the bid process, Defendant tendered Munilla Construction Management ("MCM") to the Government for an award of approximately $48 million to complete Lodge's scope of work. (Id. at 4).

In December 2012, Plaintiff sued Defendant on the payment bond, Case No. 9:12-cv-81384-KLR, currently pending in the United States District Court for the Southern District of Florida. (Doc. 5-2). In that lawsuit, Plaintiff alleges it is owed money for work performed through the date Lodge was terminated, and for additional work. (Id.) Defendant asserts that it owns Lodge' claims against Plaintiff, and has counterclaimed for delay damages and other costs. (Doc. 5-4).

Plaintiff contends that when Defendant filed the counterclaim, it opened the door for discovery by Plaintiff of information concerning the Government's termination of Lodge, all delay issues, Consultant's involvement in the bidding process, payments by Defendant to the Government for completion of the work, and the tender of MCM to the Government as the completion contractor. (Id. at 4-5). Plaintiff has issued a subpoena to Consultant for the production of 10 categories of documents and to take Consultant's deposition on 11 topics. (Doc. 1-1).

Defendant does not dispute the relevancy of these discovery requests and it agrees that Consultant can produce documents between Consultant and third parties. (Doc. 1). But, Defendant seeks to prevent Consultant from having to produce documents that are protected from disclosure by the work product and joint defense privileges and to prevent the taking of Consultant's deposition. (Id. at 9). Plaintiff insists that its subpoena is carefully drawn and that it is only seeking information that

is available from Consultant in its capacity as a fact witness. (Doc. 5 at 7-10). A review of the docket reveals that Defendant has not produced a privilege log or filed affidavits or other evidence in support of its motion.

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that on the filing of a timely motion, the Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." The standard for the issuance of a protective order under F<small>ED</small>. R. C<small>IV</small>. P. 26(c) is "good cause." Federal courts have taken a "balancing of interests" approach to the good cause standard. <u>Farnsworth v. Procter & Gamble Co.</u>, 758 F.2d 1545, 1547 (11th Cir. 1985). Under this approach, the Court must balance the proponent of the discovery's interest in obtaining the information against the opponent's interest in keeping the information confidential. <u>Id.</u> The party requesting a protective order has the burden to "show good cause by demonstrating a particular need for protection." <u>Trinos v. Quality Staffing Serv. Corp.</u>, 250 F.R.D. 696, 698 (S.D. Fla. 2008). An opponent claiming privilege as a reason for withholding subpoenaed information must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

F<small>ED</small>. R. C<small>IV</small>. P. 45(d)(2)(A).

Defendant characterizes Consultant as a non-testifying expert. Rule 26(b)(4)(D) states that:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial . . . [except] (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Plaintiff does not allege exceptional circumstances.  (Doc. 5 at 8 n.3). According to Advisory Committee Notes, 1970 Amendments to Rule 26, subdivision 26(b)(4)(D):

> . . . does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the matter of the lawsuit.  Such an expert should be treated as an ordinary witness.

Several courts have observed that non-testifying experts can wear two hats. One as a formally retained, non-testifying expert to aid a party preparing for litigation, and the other as a normal fact witness.  Jones v. Celebration Cruise Operator, Inc., No. 11-61308-Civ, 2012 WL 1029469, at *3 (S.D. Fla. Mar. 26, 2012); Bartram, LLC v. Landmark American Ins. Co., No. 1:10-cv-00028-SPM-GRJ, 2011 WL 284448, at *3 (N.D. Fla. Jan. 24, 2011); Tampa Bay Water v. HDR Engineering, Inc., 8:08-cv-2446-T-27TBM, 2010 WL 3394729, at *3 (M.D. Fla. Aug. 26, 2010); Essex Builders Group, Inc. v. Amerisure Ins. Co., 235 F.R.D. 703, 704 (M.D. Fla. 2006).  Consultant clearly wears two hats in this controversy.  Rule 26(b)(4)(D) only protects against the disclosure of information created or learned by Consultant while working with Defendant's attorneys in preparing for and litigating claims and defenses involving Defendant.  Excluded from the protection of the Rule is information Consultant

created or learned by virtue of its participation in the Invitation to Bid, the bid process, and the tender of MCM to the Government.

The work product privilege was first recognized by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 510-11 (1947), and later incorporated into Rule 26(b)(3). The Rule recognizes fact work product meaning information gathered in anticipation of litigation, and opinion work product which consists of the lawyer's mental impressions, opinions and legal theories. Bridgewater v. Carnival Corp., 286 F.R.D. 636, 639 (S.D. Fla. 2011). Only parties can claim the protection of the work product privilege. Bozeman v. Chartis, Cas. Co., 2:10-cv-102-FtM-36SPC, 2010 WL 4386826, at *2 (M.D. Fla. Oct. 29, 2010). The burden to establish the applicability of the privilege is on the party asserting it. Bridgewater, 286 F.R.D. at 638-39. "The party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit." Id. "Unless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege. An improperly asserted claim of privilege is no claim of privilege at all." Id. (quoting Int'l Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D. Del. 1974)). The party asserting the privilege carries a heavy burden because privileges are "not lightly created nor expansively construed, for they are in derogation of the search for the truth." United States v. Nixon, 418 U.S. 683, 710 (1974). Defendant has not sustained its burden. It has not furnished the Court sufficient information to intelligently evaluate its claim of privilege, it has not prepared a privilege log, and it has not filed affidavits or other evidence in support of

its assertion that with the exception of the information it has agreed to provide, the information known to Consultant is all in his capacity as a non-testifying expert.

Defendant also asserts the joint-defense privilege as a bar to Plaintiff's subpoena. (Doc. 1 at 9-10). Defendant alleges that it has exchanged information with Lodge for the purpose of assisting in a common litigation cause and therefore, the documents that have been exchanged are protected from disclosure. (Id.) Unless the information was privileged when it was exchanged with Lodge, the fact that it was shared does not make the information privileged.

Plaintiff's complaint filed in the Southern District alleges subject jurisdiction pursuant to 40 U.S.C. §§ 3131 and 3133(3)(B) because it is an action to recover on a Miller Act bond. (Doc. 5-2 at 1). Diversity is alleged as an additional basis for subject matter jurisdiction. (Id.) Defendant seizes on Plaintiff's assertion of diversity jurisdiction to argue that Florida law applies to its claim of a joint defense privilege. (Doc. 1 at 9) (citing Developers Sur. and Indem. Co. v. Harding Village, Ltd., No. 06-21267-CIV, 2007 WL 2021939, at *1 (S.D. Fla. July 11, 2007)). It doesn't matter whether Defendant is correct, because the Florida definition of the joint defense privilege to "enable[ ] litigants who share unified interests to exchange this privileged information to adequately prepare their cases without losing the protection afforded by the privilege," does not help Defendant. Visual Scene, Inc. v. Pilkington Bros., plc, 508 So. 2d 437, 440 (Fla. 3d DCA 1987). Defendant has not complied with Rule 45(d)(2)(A) or the case law requiring a sufficient description of the withheld information and facts demonstrating that the privilege applies.

Accordingly, The Hanover Insurance Company's Motion for Protective Order, Motion to Quash and Objection to Civil Construction Technologies, Inc.'s Subpoena to Produce Documents and Subpoena to Testify at Deposition of Non-Party (Doc. 1), is DENIED.  Consultant shall produce all documents described in the subpoena within 14 days from the rendition of this Order.  To the extent Defendant still asserts privilege with respect to any of the subpoenaed documents, it shall serve a privilege log on Plaintiff within 14 days from the rendition of this Order.  Defendant is cautioned that to the extent there is any ambiguity as to whether Consultant was acting as a retained, non-testifying expert or as a fact witness, courts favor disclosure of the information. Tampa Bay Water, 2010 WL 3394729, at *3.  Consultant shall appear for deposition on the topics listed in the subpoena and Defendant may assert privilege at the deposition, when, and if, appropriate.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on April 29, 2013.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel